332

## CIRCUIT COURT OF WASHINGTON COUNTY

Jimmy Gerald Trivett

v.

Town of Damascus
Zoning Appeals Board

November 20, 1992

Case No. (Chancery) 92–295

BY JUDGE CHARLES H. SMITH, JR.

This appeal was filed by the petitioner seeking certiorari from a decision of the Board of Zoning Appeals of the Town of Damascus pursuant to § 15.1–497 of the Code of Virginia. The court heard evidence from the petitioner and arguments of counsel on November 13, 1992. The matter was then taken under advisement in order that the court might review the applicable provisions of the Town Code and the authorities submitted.

The petitioner herein, by virtue of a special use permit, has since approximately 1982 had a 1963 model mobile home located on his property in the Town of Damascus. Recently, the petitioner decided to replace that 1963 mobile home with a newer 1978 model. He made application to the Zoning Administrator and was approved by letter dated May 29, 1992. In doing so, the Zoning Administrator relied upon § 15.6–2 of the Town Code, which provides as follows:

> *Alteration Other Than Incidental Alterations*: No alterations other than incidental alterations shall be made to a building or other structure occupied by a non-conforming use except when made: (a) In order to comply with requirements of law regarding fire protection, safety of structure, etc. . . . .

The Zoning Administrator concluded that the replacement of the 1963 model with the newer 1978 model would increase the safety of the structure to the occupants, thereby fulfilling the requirements of the Code. A timely appeal of this action was noted by a concerned

citizen to the Board of Zoning Appeals. The Board of Zoning Appeals met on September 1, 1992, and the members present voted unanimously to overturn the decision of the Zoning Administrator. Unfortunately, pending this appeal, the petitioner had removed the old mobile home and replaced it with the newer model. In overturning the decision of the Zoning Administrator, the Board of Zoning Appeals noted that the new mobile home had been placed in a zone restricted to R-1. The Board further interpreted § 15.6–2 to prohibit this total replacement since it obviously exceeded "incidental alterations."

While § 15.1–497 mandates that the court hear these matters, such hearings are not necessarily *de novo*. The cases annotated under this code section rather uniformly hold:

> The decision of the Board is presumed to be correct, and the court should not substitute its discretion for that of the Board. The court may not disturb the Board's decision unless it has applied erroneous principles of law or where the Board's discretion is involved unless the evidence before the court proves to its satisfaction that the Board's decision is plainly wrong and violative of the purpose and intent of the zoning ordinance . . . .
>
> A consistent administrative construction of an ordinance by the officials charged with its enforcement is entitled to great weight . . . .
>
> On appeal, the burden is on appellant to show to the satisfaction of the court that the permit granted by the Board of Zoning Appeals was contrary to law. (Citations omitted.)

In the case of *Board of Zoning Appeals of the City of Chesapeake v. Glasser Brothers Corporation*, 242 Va. 197 (1991), and relied upon by the respondent herein, the Supreme Court stated:

> And, because the Board exercises a discretionary judgment in deciding whether the evidence presented before it justifies the grant of a variance, the Board's decision can be overturned only for arbitrary or capricious conduct constituting clear abuse of discretion.

In my estimation, the Board has not applied erroneous principles of law to the circumstances of this case nor has it acted in an arbitrary and capricious manner in denying the application. I believe a fair reading of the applicable provisions of the Town Code and zon-

ing ordinances reveals that the Board fairly construed the provisions and made a judgment that was in keeping with the purpose and intent of their zoning ordinance. While it is regrettable that the petitioner has suffered a loss of time and expense in making this move, he obviously did so at his peril while the appeal period was still running.

I will sustain the action of the Board of Zoning Appeals.